**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRIAN PEAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-00051 RWS |
| | ) | |
| PAIGE KRISTYN WHEELER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of self-represented plaintiff Brian Peak for leave to proceed in this action without prepaying fees or costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement.[1] As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience

---

[1] On August 4, 2025, plaintiff submitted a *non-certified account statement* from the Macon County Jail. [ECF No. 6]. This document is extremely difficult to read.

and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Brian Peak, an inmate at the Macon County Jail in Macon, Missouri, filed this civil rights action, *see* ECF No. 1, against prosecutor Paige Kristyn Wheeler, from the Missouri Attorney General's Office, and Knox County Circuit Court, relative to complaints he has about his criminal case in Knox County, Missouri. *See State v. Peak,* No. 24KN-CR00072 (2nd Jud. Cir., Knox County Court).

Plaintiff was charged by criminal complaint on or about August 1, 2024, in Macon County Circuit Court with rape or attempted rape of a person who lacked the mental capacity to consent.

*See State v. Peak*, No. 24MA-CR00269 (41st Jud. Cir., Macon County Court). The matter was transferred to Knox County Circuit Court in October of 2024. The case is currently set for trial on January 23, 2026, although it appears that the trial date will be continued. *See State v. Peak,* No. 24KN-CR00072 (2nd Jud. Cir., Knox County Court). Plaintiff is currently representing himself in his criminal action.[2]

In plaintiff's "Statement of Claim," he alleges that he had difficulty hearing at his preliminary hearing held in the Circuit Court on September 26, 2024, because he is hearing impaired. He claims that Judge Moon failed to take his hearing difficulties into consideration at the hearing, and although he filed for a rehearing, the motion for rehearing was denied.[3]

In his "Statement of Claim," plaintiff additionally asserts that Missouri Revised Statute § 566.030, which provides for penalties for rape in the first degree, is being unlawfully applied to him. He asserts that he has been charged with having sex with an individual who was over the age of consent but who was mentally impaired and therefore unable to lawfully give consent. Plaintiff states in his complaint:

> The statute, without acumen, biases disabled persons whom [sic] can consent to sex and seeks to arbitrarily prosecute their partners. The ADA [Americans with Disabilities Act] specifically authorizes full participation in life activities which protects the alleged complainant and plaintiff.[4]

---

[2]Counsel entered his appearance on plaintiff's behalf on November 20, 2024, in his criminal case. On January 7, 2026, plaintiff's counsel moved to withdraw based on plaintiff's wish to represent himself. On January 12, 2026, the Court questioned plaintiff on the record as to his request to represent himself. At that time, plaintiff was granted leave to proceed pro se. The Court also granted plaintiff a bond hearing, to be held on January 23, 2026.

[3]This Court reviewed plaintiff's motion for rehearing, filed on Missouri Case.Net on October 3, 2024. Plaintiff did not argue in his motion for rehearing that he could not adequately hear the proceedings in the Circuit Court. Instead, he asserted that he was entitled to retry the preliminary hearing because the prosecution witnesses offered at the hearing failed to provide sufficient evidence that plaintiff had committed a crime. Plaintiff additionally asserted that the witnesses failed to allege that force was asserted on the victim mentally incapacitated victim, or that she was subjected to fear or distress. Thus, he sought dismissal of the charges against him.

[4]Plaintiff previously made this argument in a petition for writ of prohibition in the Missouri Court of

Plaintiff seeks release from confinement in his complaint, but he has not sought monetary damages. In support of his complaint, plaintiff has filed three separate requests for injunctive relief. [ECF Nos. 6, 7 and 8]. In his first motion, filed on August 4, 2025, plaintiff requests that the Court enjoin defendants from prosecuting him because he believes Missouri Revised Statute § 566.030 to be vague, overbroad and arbitrary. Plaintiff states that he also believes that the ADA bars his prosecution, although he has not articulated the grounds for his argument.

In plaintiff's second motion for injunctive relief, filed on October 14, 2025, he seeks to amend his complaint to include a claim against Circuit Judge Thomas Redington "acting in his stead as the Circuit Judge of Knox County Missouri, as a personal capacity suit seeking personal liability." [ECF No. 7]. In his motion, plaintiff also seeks to include a claim for both damages and injunctive relief against defendant Redington for denying him bond and instituting a $75,000 bond. *Id*.

In plaintiff's third motion for injunctive relief, filed on December 22, 2025, plaintiff requests an injunction against his criminal action due to the Court's failure to provide him with constitutionally appropriate bond. [ECF No. 8].

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court will first address plaintiff's claims against Prosecutor Paige Kristyn Wheeler, a Special Prosecuting Attorney from the Missouri Attorney General's Office. To the extent he is suing Prosecutor Wheeler in her official capacity, his claims are brought against the State of

---

Appeals. *See Peak v. Circuit Court of Knox County*, No. ED113621 (Mo.Ct.App. 2025). The Court of Appeals denied the petition for writ on June 10, 2025.

Missouri. A suit against the State of Missouri is barred by the Eleventh Amendment.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 62, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

To the extent plaintiff is suing Prosecutor Wheeler in her individual capacity for the actions she has taken in prosecuting him during his criminal action, she is immune from liability under § 1983 so long as the actions he is complaining of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). In this case, all of the actions plaintiff appears to complain of with relation to Prosecutor Wheeler appear to relate to her prosecution of him in his criminal case. In that case, she is entitled to absolute immunity acting as an advocate for the State in a criminal prosecution. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Next, plaintiff's claims against Circuit Judges Thomas Redington and the judge currently presiding over his criminal action, Matthew Wilson, are barred by judicial immunity. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff also asserts allegations, in a conclusory fashion, against Knox County Circuit Court. However, these assertions fail to establish a claim for relief. Although a local governing body such as Knox County can be sued directly under 42 U.S.C. § 1983, to prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *See*

*Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged any constitutional violation resulting from official policy, official custom, or failure to train or supervise. Therefore, any claims he may have intended to bring against Knox County are subject to dismissal.

Moreover, plaintiff's claims against the Knox County Courts are not cognizable because the Circuit Court cannot legally be sued. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not "juridical entities suable as such."). Further, state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Therefore, plaintiff's claims against the Knox County Courts must be dismissed.

And to the extent plaintiff asks this Court to enjoin or otherwise intervene in his ongoing state judicial proceeding,[5] his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d

---

[5] For example, plaintiff makes substantive arguments in his complaint as to why his state prosecution is purportedly unlawful and subject to federal court intervention.

957, 959 (8th Cir. 1996)). Here, plaintiff sets forth no allegations tending to establish extraordinary circumstances that would justify interfering with his ongoing state court proceedings, if any. This Court therefore concludes that *Younger* abstention is warranted.

Last, plaintiff's claims that the Circuit Court failed to adequately address his requests for bond fail to establish a claim for relief in this action. Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke,* 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief, even in matters such as bond. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. This Court may not review the issue of bond until a Missouri higher court has first reviewed the issue. *See* 28 U.S.C. § 2241; *Sacco*, 649 F.2d at 636 (8th Cir. 1981); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

There is no indication from the complaint that plaintiff attempted to have his bond

conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). The Court therefore declines plaintiff's request to rule upon the constitutionality of his bond before this issue has been decided by the trial court in his January 27, 2026 hearing, and before he has sought review from the state appellate courts. As such, plaintiff's excessive bond claim will be dismissed.

For these reasons, the Court finds plaintiff has failed to state a claim and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's requests for injunctive relief [ECF Nos. 6, 7 and 8] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of January, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

-12-